UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WHITNEY MOSS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:13CV2043 CDP |
| FIRST STUDENT, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case comes before me on the competing motions of plaintiff Whitney Moss for default judgment and of defendant First Student, Inc., to set aside the clerk's entry of default. Plaintiff has alleged Title VII violations that include racial discrimination, retaliation, and hostile work environment.

The service return shows that the summons and Complaint were served on "Julie Morris (Human Resources)." Ms. Morris has submitted an affidavit stating that she is not a member of the corporation's human resources department, that she is the location safety manager at First Student's Union Center location, that she is not authorized to accept service on behalf of First Student, and that she and the Location Manager have no recollection of being served with either the summons or complaint.

First Student requests that the clerk's entry of default be set aside for good cause so that they might present their defenses. As Moss has not been unduly prejudiced, I will grant First Student's motion and will deny Moss's motion for default.

Moss has also moved for appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *Rayes v. Johnson*, 969 F.2d 700, 702 (8th Cir. 1992). The Court may appoint counsel upon a showing that a person needs and is unable to afford counsel. *Id. See also* 28 U.S.C. § 1915e (1996). In evaluating a person's need, several factors are considered, including the likelihood that the person and the court will benefit from the assistance of counsel, the factual complexity of the case, the person's ability to investigate the facts and present a defense, the existence of conflicting testimony, and the complexity of the legal issues. *See In re Lane*, 801 F.2d 1040, 1043–44 (8th Cir. 1986).

Moss has been granted leave to file this case *in forma pauperis*. She lacks the financial resources to pay out of pocket for counsel, and states that she has been unable to find counsel due to her poverty. However, Moss seeks actual and punitive damages amounting to over $4,000,000 in addition to legal fees. Title VII gives discretion to the court to grant reasonable attorney's fees to the prevailing party. 42 U.S.C. § 2000e-5(k) (2009). Thus, Moss may yet be able to find counsel willing to take this case on contingency.

Additionally, Moss's memorandum in opposition to First Student's motion to set aside default exhibited some ability by Moss to present a defense, and she is likely able to investigate the facts, as she was present for much of the alleged discriminatory conduct. After considering the relevant factors, I do not find that appointment of counsel is appropriate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [# 13] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [#3] is denied without prejudice.

**IT IS FURTHER ORDERED** that defendant's motion to set aside default [# 18] is granted.

**IT IS FURTHER ORDERED** that defendant's shall answer the complaint no later than **March 1, 2014**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of February, 2014.